# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 70813-9-I |
| Respondent, | ) | DIVISION ONE |
| v. | ) | |
| JERRELL CORTEZ DAVIS, | ) | UNPUBLISHED |
| Appellant. | ) | FILED: January 20, 2015 |

Cox, J. – In order to prove ineffective assistance of counsel, "the defendant must show that (1) counsel's representation was deficient, that is, it fell below an objective standard of reasonableness and (2) there was prejudice, measured as a reasonable probability that the result of the proceeding would have been different."[1] Jerrell Davis argues that his counsel was deficient because she proposed a limiting instruction that did not specifically prohibit the jury from using evidence as propensity evidence. Because counsel's proposed instruction properly instructed the jury, and a more detailed instruction could have unduly emphasized the evidence, counsel was not deficient. Thus, we need not reach the question of prejudice. We affirm.

The State charged Davis with first degree robbery. Sean Ramalho, the victim in this case, sold medical marijuana. He testified that he had been called by someone purporting to be Daniel Stednick, who wanted to purchase medical

---

[1] State v. Humphries, ___ Wn.2d ___, 336 P.3d 1121, 1127 (2014).

marijuana. Ramalho verified that Stednick had a valid medical marijuana certificate, and he arranged to meet the caller.

When Ramalho met the caller, he asked to see his driver's license to verify that he was Stednick. The caller told Ramalho his license was inside his apartment and that he would show Ramalho the license inside. Once inside the building, two men approached Ramalho, and one pointed a gun at him. The men then took the marijuana and cash Ramalho was carrying. Ramalho later identified Davis as the caller who purported to be Stednick.

During its case in chief, the State introduced evidence about a prior robbery in which Davis allegedly was involved. Daniel Stednick testified that he had been robbed after someone arranged to buy marijuana from him. He testified that the robbers took his "medical marijuana certificate and identification as a marijuana distributor" among other items.

Before Stednick testified, the court instructed the jury that it could use the testimony about Stednick's robbery only for "circumstantial evidence of the crime charged, res gestae, identity or modus operandi." Before deliberations, the court again instructed jurors to use the evidence only for the purpose for which it was introduced.

The State proposed a jury instruction defining "modus operandi" and "res gestae." But the court was concerned that this more specific instruction would unduly emphasize the evidence. Defense counsel, who had proposed a general 404(b) limiting instruction, agreed with the court's ruling. The court then gave the more general instruction. The jury convicted Davis.

Davis appeals.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Davis argues that his counsel was ineffective. Specifically, he argues that the performance of his counsel was constitutionally deficient for failing to propose a more specific limiting instruction—an instruction that explicitly told jurors they could not use the evidence as propensity evidence. We disagree.

Both the federal and state constitutions provide the right to counsel.[2] Because ineffective assistance of counsel is an "issue of constitutional magnitude," it may be raised for the first time on appeal.[3]

The defendant bears the burden of proving ineffective assistance of counsel.[4] "[T]he defendant must show that (1) counsel's representation was deficient, that is, it fell below an objective standard of reasonableness and (2) there was prejudice, measured as a reasonable probability that the result of the proceeding would have been different."[5] If the defendant fails to prove one of the prongs, we need not inquire further.[6]

To show deficient representation, the defendant must show that counsel's representation "fell below an objective standard of reasonableness based on all

---

[2] U.S. CONST. amend. VI; CONST. art. I, § 22.

[3] State v. Nichols, 161 Wn.2d 1, 9, 162 P.3d 1122 (2007).

[4] Humphries, 336 P.3d at 1127.

[5] Id.

[6] Strickland v. Washington, 466 U.S. 668, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); State v. Foster, 140 Wn. App. 266, 273, 166 P.3d 726 (2007).

the circumstances."[7] Washington courts are "highly deferential to counsel's performance."[8] Courts presume that counsel provided effective representation and require the defendant to prove that no "legitimate strategic or tactical reasons" exist.[9]

To establish prejudice, the defendant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different."[10] "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[11]

Here, Davis's counsel was not deficient by failing to request a more specific limiting instruction.

Before trial, the defense moved to exclude evidence about Stednick's robbery and other prior bad acts. The trial court ruled that the evidence was admissible under ER 404(b). Davis does not challenge this ruling.

The trial court, at defense counsel's request, gave proper limiting instructions. The court instructed the jury before the testimony of each witness who referenced prior bad acts. When one officer testified, the court instructed the jury:

---

[7] Nichols, 161 Wn.2d at 8.

[8] In re Pers. Restraint of Gomez, 180 Wn.2d 337, 348, 325 P.3d 142 (2014).

[9] State v. McFarland, 127 Wn.2d 322, 336, 899 P.2d 1251 (1995).

[10] Nichols, 161 Wn.2d at 8.

[11] Strickland, 466 U.S. at 694.

Certain evidence has been admitted in this case for only a limited purpose. This evidence you're about to hear consists of officer testimony and may be considered by you only for the purpose of determining whether or not the Defendant was associated with a certain phone number and whether he owned a certain vehicle. You may not consider it for any other purpose. Any discussion of the evidence during your deliberations must be consistent with this limitation.[12]

When another officer testified, the court instructed the jury:

Certain evidence has been admitted in this case for only a limited purpose. This evidence you're about to hear consists of witness testimony and may be considered by you only for purposes of determining whether it tends to prove circumstantial evidence of the crime charged, res gestae, identity or modus operandi. You may not consider it for any other purpose. Any discussion of the evidence during your deliberations must be consistent with this limitation.[13]

And when Stednick testified, the court gave a substantively identical instruction.[14]

The court also instructed the jury before the start of deliberations. Its written instruction stated:

Certain evidence has been admitted in this case for only a limited purpose. This evidence consisted of certain witness testimony and may be considered by you only for the purpose of res gestae, identity, and/or modus operandi. You may not consider it for any other purpose. Any discussion of the evidence during your deliberations must be consistent with this limitation.[15]

These instructions mirror the language of Washington Pattern Jury Instructions (WPIC) 5.30, which provides:

---

[12] Report of Proceedings (May 15, 2013) at 177-78.

[13] Report of Proceedings (May 22, 2013) at 32.

[14] Report of Proceedings (May 16, 2013) at 23-24.

[15] Clerk's Papers at 105.

Certain evidence has been admitted in this case for only a limited purpose. This [evidence consists of _____ and] may be considered by you only for the purpose of _____. You may not consider it for any other purpose. Any discussion of the evidence during your deliberations must be consistent with this limitation.

Thus, in this case, counsel ensured that the court properly instructed the jury both before the potentially damaging testimony and before deliberations. And the court's instructions properly mirrored the relevant WPIC. Accordingly, counsel's performance was not deficient.

Further, if the instruction had specifically mentioned propensity evidence, it could have unduly emphasized the evidence. That was exactly the court's concern in this case, when it refused to add language to the pattern jury instruction. Accordingly, counsel's decision to use only the more general language contained in the WPIC was a legitimate strategic decision, consistent with the court's expressed concern.

Because counsel's performance was not deficient, we need not address whether the lack of a more specific instruction prejudiced Davis.

Davis argues that his counsel was deficient by not proposing a jury instruction that explicitly told jurors they could not use the evidence as propensity evidence. Davis argues that case law requires an instruction telling jurors not to use the evidence to conclude that the defendant has acted in conformity with his or her character. Davis relies on State v. Gresham for this proposition.[16]

Gresham states: "An adequate ER 404(b) limiting instruction must, at a minimum, inform the jury of the purpose for which the evidence is admitted and

_____

[16] 173 Wn.2d 405, 269 P.3d 207 (2012).

that the evidence may not be used for the purpose of concluding that the defendant has a particular character and has acted in conformity with that character."[17]

But Gresham did not modify the standard for a proper 404(b) limiting instruction. Instead, it merely restated the requirements. In that case, the trial court failed to give *any* limiting instruction after counsel proposed an incorrect instruction.[18] The supreme court held that this failure to give an instruction was error.[19]

In this case, the instruction was consistent with the language in Gresham. It did not explicitly tell jury members that they could not use the evidence to "conclud[e] that the defendant has a particular character and has acted in conformity with that character." But it told the jurors that they could use the evidence "*only* for the purpose of res gestae, identity, and/or modus operandi."[20] This statement necessarily implies that the jury may not use the evidence to conclude that Davis acted in conformity with his character. But even if one could conclude there is no such implication, the instruction goes on to say "[y]ou may not consider [the evidence] for any other purpose."[21] This resolves any doubt about the proper use of the evidence.

---

[17] Id. at 423-24.

[18] Id. at 424.

[19] Id.

[20] Clerk's Papers at 105 (emphasis added).

[21] Id.

Accordingly, the instruction in this case told the jury what purpose the evidence was admitted for and prohibited them from using it for any other purpose, including as propensity evidence. Thus, the instruction was consistent with the language in Gresham.

We affirm the judgment and sentence.

_Cox, J._

WE CONCUR: